UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-10072
Summary Calendar
_____


PEGGY A. CANFIELD,

Plaintiff-Appellant,

versus

AMERICAN EUROCOPTER CORPORATION; DAN HAGLER, Registered Agent;
CHRISTIAN GRAS, President; JERRY MOTSINGER, Supervisor,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Texas
(4:97-CV-736)
_____
July 28, 1998

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]


Peggy A. Canfield appeals from a summary judgment dismissing various claims against appellees American Eurocopter Corp., Dan Hagler, Christian Gras and Jerry Motsinger. On appeal Canfield complains of the dismissal of her discrimination claims brought

_____

[*]	Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

under the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964.  We affirm.

The record reveals that upon termination Canfield signed a valid waiver and release of her Title VII claims as well as any claims under the ADEA.  The release, and her acknowledgment of same, complied with the requirements of a release set out in the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f)(1).  *See Oubre v. Entergy Operations, Inc.,* 118 S. Ct. 838, 841 (1998) (an employee cannot waive ADEA claims unless the waiver meets requirements of OWBPA).  Canfield presented no summary judgment evidence to raise a genuine issue as to whether the release was invalid due to fraud, malice, duress or material mistake.  Finally, the waiver is not infirm for any violations of the Medical Liability and Insurance Improvement Act of Texas, Tex. Rev. Civ. Stat. Ann. art. 4590i § 15.01 (Vernon Supp. Pamph. 1998), because Canfield did not present a health care liability claim nor did she provide summary judgment evidence that any of the appellees was a health care provider within the meaning of that statute.

The judgment of the district court is AFFIRMED.